UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PATRICK BROWN,<br><br>                Plaintiff,<br>    v.<br><br>DOES 1-20,<br><br>                Defendants. | CASE NO. 3:25-cv-05256-LK<br><br>ORDER DENYING EX PARTE MOTION FOR EARLY DISCOVERY |

Before the court is pro se Plaintiff Patrick Brown's *Ex Parte* Motion for Early Discovery. Dkt. No. 9. Having considered the motion, the relevant portions of the record, and the governing law, the Court DENIES the motion.

### I. BACKGROUND

Mr. Brown owns and operates a portfolio of "premium fetish adult-oriented audiovisual content[.]" Dkt. No. 7 at 5. He alleges that he holds copyrights in these audiovisual works. *Id.* at 5–6. He has sued 20 defendants that are "currently unknown individual(s) and/or entity(ies) that own and operate four websites" comprising a "Pirate Network" that allegedly display his copyrighted works without license or authorization. *Id.* at 1–2.

ORDER DENYING EX PARTE MOTION FOR EARLY DISCOVERY - 1

## II. DISCUSSION

Mr. Brown seeks to serve subpoenas on "the website hosting companies and internet service providers associated with the . . . Pirate Network and the delivery of its content" in order to "discover the true identity of" defendants and then "serve them with process in this case." Dkt. No. 9 at 2. Although Mr. Brown attests that he has contacted various of these companies and providers, they have either not responded or indicated that they would not produce information without a subpoena. Dkt. No. 11 at 1–2.

### A. Jurisdiction and Venue

Mr. Brown raises a claim of copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq.* Dkt. No. 7 at 11–13. "[J]ust because a case involves a copyright does not mean that federal subject matter jurisdiction exists"; to properly invoke federal subject matter jurisdiction, one of three things must exist: (1) the complaint asks for a remedy expressly granted by the Copyright Act; (2) the complaint requires an interpretation of the Act; or (3) federal principles should control the claims. *Scholastic Ent., Inc. v. Fox Ent. Grp., Inc.*, 336 F.3d 982, 985–86 (9th Cir. 2003). Here, Mr. Brown seeks remedies expressly granted by the Copyright Act—i.e., actual damages, statutory damages, and injunctive relief. Dkt. No 7 at 12–13 (citing 17 U.S.C. §§ 502–504). Accordingly, he has provided a basis for jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

However, as explained below, it is unclear whether Mr. Brown has standing, and Mr. Brown has also not demonstrated a good-faith belief that this Court has personal jurisdiction over defendants or that venue is proper in this District.

### B. Legal Standard

Federal Rule of Civil Procedure 26 provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)" unless authorized by the Court. Fed. R. Civ. P. 26(d)(1). However, the Ninth Circuit has held that when a defendant's identity is

1  unknown at the time the complaint is filed, a court should grant leave to take early discovery to
2  determine that defendants' identities "unless it is clear that discovery would not uncover the
3  identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629
4  F.2d 637, 642 (9th Cir. 1980). A party who requests early or expedited discovery must make a
5  showing of good cause. *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275–76
6  (N.D. Cal. 2002) (applying "the conventional standard of good cause in evaluating Plaintiff's
7  request for expedited discovery").

8  To determine whether "good cause" exists to permit expedited discovery to identify Doe defendants, district courts in the Ninth Circuit consider whether the plaintiff (1) "identif[ies] the missing party with sufficient specificity such that the Court can determine that [the] defendant is a real person or entity who could be sued in federal court"; (2) "identif[ies] all previous steps taken to locate the elusive defendant" to ensure that plaintiff has made a good faith effort to identify the defendant; (3) "establish[es] to the Court's satisfaction that plaintiff's suit against defendant could withstand a motion to dismiss"; and (4) "justif[ies] the specific discovery requested as well as identifi[es] a limited number of persons or entities on whom discovery process might be served and for which there is a reasonable likelihood that the discovery process will lead to identifying information about [the] defendant that would make service of process possible." *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578–80 (N.D. Cal. 1999).[1] A district court's decision to grant discovery to determine jurisdictional facts is a matter of discretion. *See Wells Fargo & Co. v. Wells Fargo Express Co.,* 556 F.2d 406, 430 n.24 (9th Cir. 1977).

---

[1] This test reflects relevant considerations under Federal Rules of Civil Procedure 45 and 26. Rule 45(d)(3)(A) requires a district court to "quash or modify a subpoena that . . . subjects a person to undue burden." "If a subpoena compels disclosure of information that is not properly discoverable, then the burden it imposes, however slight, is necessarily undue: why require a party to produce information the requesting party has no right to obtain?" *AF Holdings, LLC v. Does 1-1058*, 752 F.3d 990, 995 (D.C. Cir. 2014). In turn, Rule 26(b)(1) limits discovery to subject matter "that is relevant to any party's claim or defense." "The identity of prospective defendants who cannot properly be sued in this district can be of little use in a lawsuit brought in this district." *AF Holdings*, 752 F.3d at 995.

ORDER DENYING EX PARTE MOTION FOR EARLY DISCOVERY - 3

C.  **Mr. Brown has Failed to Show Good Cause for Early Discovery**

Even assuming without deciding that Mr. Brown has satisfied the first, second, and fourth components of the four-part test regarding expedited discovery, he has not shown that his suit could withstand a motion to dismiss.

1. It is Unclear Whether Mr. Brown has Standing

First, the Court has been unable to verify that Mr. Brown owns the subject copyrights. For example, Mr. Brown alleges that he owns copyrights with the following registration numbers:

| |
|---|
| PA0001706340 |
| PA0001707340 |
| PA0001707341 |
| PA0001707342 |
| PA0001707343 |
| PA0001707344 |

Dkt. No. 1-6 at 2. But a search of copyright registration numbers beginning with "PA000170734" on copyright.gov yields the following result:

**Advanced Search**

Select record type to begin advanced search

☑ All records   ☐ Registration   ☐ Recordation

Field Heading: All Copyright Numbers
Search Type: Starts with
PA000170734

+ Add a row

[Clear all] [Search]

**Search Results**
Top search results: 9
Displaying: 1-9 of 9

1. Full Title: Watch my lips (read my eyes) /by Harlan Howard, Kevin Welch.
   Registration Number: PA0000170734
   Type of Work: Music
   Date: 1983-03-10
   Claimant: Tree Publishing Company, Inc. & Cross Keys Publishing …

2. Full Title: Never (While You Shit)
   Registration Number: PA0001707349
   Type of Work: Motion Pictures
   Date: 2010-10-12
   Claimant: Johann Casas.

3. Full Title: PINK GLOVE DANCE SEQUEL.
   Registration Number: PA0001707347
   Type of Work: Motion Pictures
   Date: 2010-10-11
   Claimant: Medline Industries, Inc.

ORDER DENYING EX PARTE MOTION FOR EARLY DISCOVERY - 4

| | 4. | Full Title: THE INSIDER : 316-5.<br>Registration Number: PA0001707346<br>Type of Work: Motion Pictures | Date: 2010-11-02<br>Claimant: CBS Studios Inc. |
|---|---|---|---|
| | 5. | Full Title: Sound and Your Ears.<br>Registration Number: PA0001707348<br>Type of Work: Motion Pictures | Date: 2010-10-13<br>Claimant: Terri Winston. |
| | 6. | Full Title: Corbin Fisher Amateur College Men Neal.<br>Registration Number: PA0001707345<br>Type of Work: Motion Pictures | Date: 2010-10-11<br>Claimant: Liberty Media Holdings, LLC |
| | 7. | Full Title: PINK GLOVE DANCE SEQUEL. ;Motion pictureReg. PA0001707347.<br>Document Number: V15004D572 | Date of Recordation: 2021-11-10 |
| | 8. | Full Title: PINK GLOVE DANCE SEQUEL CopyrightReg. PA0001707347.<br>Document Number: V15023D713 | Date of Recordation: 2024-04-02 |

Only "[t]he legal or beneficial owner of an exclusive right under a copyright" has standing to bring a copyright infringement action under the Act. 17 U.S.C. § 501(b). Absent standing, Mr. Brown's complaint would not withstand a motion to dismiss.

2. <u>Mr. Brown's Allegations do not Adequately Establish Personal Jurisdiction</u>

Second, there is a serious question as to whether Mr. Brown's claims against the 20 defendants can survive a motion to dismiss for lack of personal jurisdiction.

In cases where the identity of defendants is not yet known, the Court "must balance the need for discovery against the interests of justice, which includes consideration of the prejudice to the [targets of the plaintiff's discovery requests] and to the Doe Defendants." *808 Holdings, LLC v. Collective Sharing Hash E37917C8EEB4585E6421358FF32F29CD63C23C91*, No. 12-CV-00191-MMA-RBB, 2012 WL 1581987, at *6 (S.D. Cal. May 4, 2012). Where a plaintiff "attempts to use the machinery of the courts to force a party to comply with its discovery demands" in connection with unknown defendants, the plaintiff "must have at least a good faith belief that such discovery will enable it to show that the court has personal jurisdiction over the defendant[s]." *AF Holdings*, 752 F.3d at 994–95 (cleaned up); *see also 808 Holdings*, 2012 WL 1581987, at *6 ("The

ORDER DENYING EX PARTE MOTION FOR EARLY DISCOVERY - 5

judicial process should not be manipulated to obtain confidential information about Defendants not subject to the Court's jurisdiction.").

Where no federal statute authorizes personal jurisdiction, the district court applies the law of the state in which the court sits. Fed. R. Civ. P. 4(k)(1)(A); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998); *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015). Washington's long-arm statute is coextensive with federal due process requirements. *See* Wash. Rev. Code § 4.28.185; *Downing v. Losvar*, 507 P.3d 894, 905–06, 917 (Wash. Ct. App. 2022). "For a court to exercise personal jurisdiction over a nonresident defendant consistent with due process, that defendant must have 'certain minimum contacts' with the relevant forum 'such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.''" *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (quoting *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)). If defendants are not subject to the personal jurisdiction of any state court of general jurisdiction, the federal court's exercise of personal jurisdiction must still comport with federal due process. *See* Fed. R. Civ. P. 4(k)(2).

Here, Mr. Brown alleges that "[t]his Court has personal jurisdiction pursuant to 28 U.S.C. §§ 1391(b), (c) and/or (d) and 28 U.S.C. § 1400(a)." Dkt. No. 7 at 5. However, he does not allege any specific facts supporting that the Court has either personal or general jurisdiction over defendants. While Mr. Brown alleges that the Pirate Network is "based and operated outside the United States," he makes no allegations regarding defendants' locations and instead states that "[i]t is currently unknown where the owners and operators are located." *Id.* at 6. Mr. Brown and his company are located in Laguna Beach, California. *Id.* at 18. Thus, he does not allege that defendants are not subject to the personal jurisdiction of any state court (which would implicate Rule 4(k)(2)), nor does he suggest that any defendant resides in the State of Washington or that defendants' contacts with Washington are so substantial, continuous, and systematic as to render

them essentially at home here. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011); *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358–59 (2021). Therefore, Mr. Brown has not alleged general jurisdiction, and the Court turns to the three-part test governing personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (quoting *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)).[2] Mr. Brown bears the burden of satisfying the first two prongs of the test. *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). If he fails to meet this burden, Washington courts lack specific personal jurisdiction.

Mr. Brown's complaint is devoid of any specific, non-conclusory allegations showing that defendants purposefully directed their activities or consummated some transaction with Washington or its residents, or performed some act by which they purposefully availed themselves of the privilege of conducting activities in Washington, thereby invoking the benefits and protections of its laws. Mr. Brown instead focuses on defendants' efforts relative to the United States writ large. He alleges that the largest portion of the Pirate Network's viewership is from the United States, and defendants "target the entire United States, including residents of this District," and "are working to increase viewership in the United States." Dkt. No. 7 at 2–3. In addition,

---

[2] If Mr. Brown had alleged that defendants' domicile is such that they are not subject to the personal jurisdiction of any state court (he has not), the test for personal jurisdiction is identical to the one discussed above, except the relevant forum would be the entire United States. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1159 (9th Cir. 2006).

"Defendants utilize predominantly United States models, shot in United States locations, to target the United States market." *Id.* at 3. Mr. Brown's sole allegation regarding defendants' activity relative to the State of Washington is that "[u]pon information and belief," defendants "all transact business in this Judicial District by way of their interactive website and through their interactivity with United States and Washington residents who have been offered the infringing and unlawful content at issue herein and who have, themselves, engaged in acts of infringement in this District and State." *Id.* at 5. But Mr. Brown offers no specific allegations suggesting that defendants have actually done so.

A long line of Ninth Circuit precedent demonstrates that these allegations do not suffice to establish personal jurisdiction. In *Cybersell, Inc. v. Cybersell, Inc.*, the court held that Arizona did not have "personal jurisdiction over an allegedly infringing Florida web site advertiser who has no contacts with Arizona other than maintaining a home page that is accessible to Arizonans, and everyone else, over the Internet." 130 F.3d 414, 415 (9th Cir. 1997). The court observed that "no court has ever held that an Internet advertisement alone is sufficient to subject the advertiser to jurisdiction in the plaintiff's home state"; rather, there must be "'something more' to indicate that the defendant purposefully (albeit electronically) directed his activity in a substantial way to the forum state." *Id.* at 418. "*Cybersell* thus recognized two significant concepts" regarding specific personal jurisdiction: (1) "contacts with the forum state could be in the form of electronic contacts"; and (2) "'something more' than mere passive nationwide accessibility was required to show express aiming at the forum state and, thus, satisfy due process." *Briskin v. Shopify, Inc.*, 135 F.4th 739, 752 (9th Cir. 2025).

"Something more" existed when a "cyber-pirate" who used corporations' trademarks to register domain names on the Internet by means of false representations demanded money in exchange for acceding to a takedown request from the California-based trademark holder.

*Panavision International, L.P. v. Toeppen*, 141 F.3d 1316 (9th Cir. 1998). The Ninth Circuit reasoned that the defendant's attempt to extort the plaintiff "established express aiming of tortious conduct toward California." *Briskin*, 135 F.4th at 753; *see also Panavision*, 141 F.3d at 1322 (reasoning that "Toeppen engaged in a scheme to register Panavision's trademarks as his domain names for the purpose of extorting money from Panavision" and that his "conduct, as he knew it likely would, had the effect of injuring Panavision in California," its principal place of business and the center of the movie and television industry). "Something more" likewise existed when a foreign business entity allegedly used a Nevada sports gambling entity's trademarks on the foreign entity's online sports gambling site. *Rio Properties, Inc. v. Rio International Interlink*, 284 F.3d 1007 (9th Cir. 2002). There, the Court explained that the foreign entity "knowingly injured [the plaintiff] in Nevada—its principal place of business and the capital of the gambling industry" by "directly targeting the forum . . . by running radio and print advertisements in Las Vegas." *Id.* at 1020 (quotation marks omitted). Similarly, in *Mavrix Photo, Inc.*, a defendant had expressly aimed its conduct at the forum state by placing the plaintiff's photos on a website with nationwide consumption, thereby "appeal[ing] to, and profit[ing] from, an audience in a particular state[.]" 647 F.3d at 1231.

Importantly, "[n]ot all material placed on the Internet is, solely by virtue of its universal accessibility, expressly aimed at every state in which it is accessed." *Id.* Thus, a plaintiff failed to show express aiming at the forum state when the defendant merely advertised its British bed and breakfast using "[a] [potentially infringing] internet domain name and [a] passive website." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1158 (9th Cir. 2006). The court in *Pebble Beach* cautioned that a plaintiff does not satisfy the "express aiming" standard by simply suggesting "a foreseeable effect" in the forum state. *Id.*

|   |   |
|---|---|
| 1 | Here, Mr. Brown does not raise any non-conclusory allegations demonstrating express aiming by defendants at Washington. Again, his sole allegation regarding defendants' activity with respect to Washington is that they "all transact business in this Judicial District by way of their interactive website and through their interactivity with United States and Washington residents who have been offered the infringing and unlawful content at issue herein and who have, themselves, engaged in acts of infringement in this District and State." Dkt. No. 7 at 5. These conclusory allegations do not suffice to establish a reasonable basis for personal jurisdiction. *See Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007) (finding conclusory allegations that defendants "directed communication into the U.S. Western District of Washington and otherwise conducted business therein" insufficient to make a prima facie showing of personal jurisdiction); *Pado, Inc. v. Wieder & Friedman Enter. Inc.*, No. CV2004278CJCPVCX, 2020 WL 13368480, at *3 (C.D. Cal. July 9, 2020) (allegation that "some portion of Defendants' 20,000 product sales must have gone to California" was not sufficient to establish personal jurisdiction); *Bralich v. Sullivan*, No. CV 17-00547 ACK-RLP, 2018 WL 1938297, at *7 (D. Haw. Apr. 23, 2018) (conclusory assertion that the level of interactivity and commercial nature of defendants' websites constitutes purposeful availment did not establish personal jurisdiction); *Nutrition Distribution LLC v. Bigdansfitness, LLC*, No. 17-CV-00920-JAH-MDD, 2018 WL 1108041, at *3 (S.D. Cal. Feb. 26, 2018) (conclusory allegations that defendant was an online retailer and "developed, licensed, manufactured, shipped, distributed, offered for sale, sold and advertised its nutritional supplement products in . . . California and this district" were insufficient to support court's exercise of jurisdiction over defendant); *Adobe Sys. Inc. v. Cardinal Camera & Video Ctr., Inc.*, No. 15-CV-02991-JST, 2015 WL 5834135, at *5 (N.D. Cal. Oct. 7, 2015) (plaintiff's "bald assertion that |

the [defendant's] website is 'interactive' and . . . features infringing . . . products for sale" did not sufficiently allege that defendant's website targeted California).[3]

### 3. Mr. Brown's Allegations do not Establish a Colorable Basis for Venue

In the same vein, Mr. Brown has not shown that his complaint could survive a motion to dismiss or transfer for improper venue. He alleges that "[v]enue is appropriate in this District pursuant to 28 U.S.C. § 1391(b) and/or (c)." Dkt. No. 7 at 5. "Section 1391 governs 'venue generally,' that is, in cases where a more specific venue provision does not apply," *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 55 n.2 (2013), but in copyright cases, venue lies "in the district in which the defendant or his agent resides or may be found," 28 U.S.C.A. § 1400(a). In the event no defendant resides in a district within the United States, Section 1391(c) controls. *Michael Grecco Prods. Inc. v. ImageSelect B.V.*, No. LA CV22-07398-JAK-JPRX, 2024 WL 1640911, at *11 (C.D. Cal. Mar. 11, 2024); *see also Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706, 714 (1972). That section provides that "a defendant not resident in the United States may be sued in any judicial district." 28 U.S.C. § 1391(c)(3). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

---

[3] The Court further notes that, to the extent defendants are subject to the personal jurisdiction of a state court of general jurisdiction, the evidence Mr. Brown does possess appears to support personal jurisdiction in at least one other state, but not Washington. For example, he alleges that defendants have contracted with Fastly, Inc., a California-based Content Delivery Network, to host content on one Pirate Network. Dkt. No. 7 at 3. Any video displayed on that Pirate Network is delivered through the URL pvvstream.pro, which "is hosted on servers located in California owned by Cloudflare, Inc., a corporation incorporated under the laws of the State of Delaware." *Id.* at 4. And the ".PRO top-level domain is administered by Registry Services Corporation, based in Illinois, United States." *Id.* All four Pirate Network sites use ".COM and .NET top-level domains," which "are administered by Verisign, Inc., a corporation based in Virginia, United States." *Id.*

Defendants also use Secure Sockets Layer certificates for the domains in the Pirate Network through Google Trust Services, "a California-based company." *Id.* To "track the number and behavior of visitors" on the Pirate Network, defendants use Google Analytics, which is provided by California-based Google LLC. *Id.* And finally, defendants "have a direct advertising contract with Chaturbate.com (a website operated by Multi Media, LLC, a corporation incorporated under the laws of the State of California)." *Id.*

ORDER DENYING EX PARTE MOTION FOR EARLY DISCOVERY - 11

Mr. Brown does not allege that defendants do not reside in the United States. Nor do any of his allegations suggest that they or their agents reside in this District. Absent any allegation regarding defendants' location, there is not a colorable basis for venue in this District.

### III.  CONCLUSION

For the foregoing reasons, the court DENIES Mr. Brown's motion for early discovery, Dkt. No. 9, without prejudice to renewing his motion after the above-described deficiencies are addressed by way of an amended complaint. Alternatively, Mr. Brown may file a motion to transfer venue.

Dated this 19th day of May, 2025.

Lauren King
United States District Judge