UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PATRICK BROWN,<br><br>                        Plaintiff,<br>    v.<br><br>DOES 1-20,<br><br>                        Defendants. | CASE NO. 3:25-cv-05256-LK<br><br>ORDER DISMISSING COMPLAINT |

       This matter comes before the Court sua sponte. On May 19, 2024, this Court denied Plaintiff Patrick Brown's motion for early discovery to determine the identities of the unknown defendants in this case, which he alleged were infringing on his copyrighted works. Dkt. No. 12. Among other problems with the motion, the Court could not determine whether Mr. Brown had standing because his purported copyright registrations were nowhere to be found in the online federal copyright registry. *Id.* at 4–5. The Court accordingly denied his motion "without prejudice to renewing [it] after the . . . deficiencies are addressed by way of an amended complaint." *Id.* at 12.

ORDER DISMISSING COMPLAINT - 1

On June 6, 2025, Mr. Brown filed an amended complaint purportedly "in accordance with the Court's May 19, 2025 Order[.]" Dkt. No. 13 at 1. The amended complaint provides "clarification of copyright registration ownership," including screenshots of Copyright Office website searches for Mr. Brown's alleged copyrighted works. *Id.* at 2 (capitalization removed), 4–8. Mr. Brown attached 20 certificates of registration for his alleged copyrighted works to the amended complaint, although he avers that he "remains the registered owner of all 376 works at issue in this case," and apparently continues to advance infringement claims based on all 376 works. *Id.* at 2. Mr. Brown also renewed his motion for early discovery. Dkt. No. 14.

A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *see also* Fed. R. Civ. P. 12(h)(3) (authorizing sua sponte dismissal for lack of subject matter jurisdiction); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (federal court is obligated to determine sua sponte whether it has subject matter jurisdiction). Here, the Court continues to find that Mr. Brown has failed to establish standing.

Mr. Brown alleges that his own "attempts to search the Copyright Office's website occasionally returned 'No results found,'" but "upon repeated queries, the [relevant] record appeared[.]" Dkt. No. 13 at 2. In the Court's experience searching for copyrights on the Copyright Office's website—including the alleged copyrights in this case—the website does not work that way. That is, searches are not intermittently successful; instead, a search result is always consistent. And despite repeated searches on publicrecords.copyright.gov[1] for all 20 registration

---

[1] The public database contains "[r]egistration and recordation records from 1978 to the present." U.S. Copyright Office, *What Will I Find in the Copyright Public Records System?*, https://publicrecords.copyright.gov/ (last visited August 18, 2025).

ORDER DISMISSING COMPLAINT - 2

certificates which Mr. Brown attached to his amended complaint, the Court has been unable to locate any of his claimed copyrights. For instance, and despite multiple attempts and varied search terms, the Court's searches for registration number PA0001707340 consistently return no results:



Copyright Registration Search, https://publicrecords.copyright.gov/advanced-search?page_number=1&parent_query=%7B%22operator_type%22:%22AND%22,%22column_name%22:%22all_copyright_numbers%22,%22type_of_query%22:%22exact%22,%22query%22:%22PA0001707340%22%7D&records_per_page=10&sort_order=%22asc%22&model=%22%22 (last visited August 17, 2025).[2] Likewise, no records were found in repeated searches for each of the 20 publications for which Mr. Brown has submitted purported Certificates of Registration. *See* Dkt. No. 13-5 (purported Certificates of Registration for Copyright Registration Numbers PA0001707340, PA0001938123, PA0001938250, PA0001938626, PA0001939606, PA0001940332, PA0001941255, PA0001941992, PA0001942182, PA0001942610,

---

[2] "Courts routinely take judicial notice of documents from the Copyright Office." *Marcus v. ABC Signature Studios, Inc.*, 279 F. Supp. 3d 1056, 1063 (C.D. Cal. 2017)); *see also Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record.").

PA0001943052, PA0001944145, PA0001945366, PA0001945446, PA0001945586, PA0001945721, PA0001946034, PA0001947880, PA0001948763, and PA0001948788). In sum, while a valid certificate of registration creates a presumption of copyright ownership, *Entertainment Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211, 1217 (9th Cir. 1997), here the Court is unable to ascertain whether the registration certificates which Mr. Brown submitted are, in fact, valid.

The Court therefore lacks subject matter jurisdiction over this case. *See, Warren v. Fox Fam. Worldwide, Inc.*, 328 F.3d 1136, 1138 (9th Cir. 2003) ("Warren has no standing to sue for infringement because he is neither the legal nor beneficial owner of the copyrights in question"); *King Pharms. v. Eon Labs.,* 616 F.3d 1267, 1282–83 (Fed. Cir. 2010) (where a party retains no rights to sue, there exists no case or controversy). Because Mr. Brown has failed to establish standing, the Court DISMISSES his complaint but grants him one final opportunity to amend to concretely demonstrate that he holds the copyright for each of the relevant works.[3] The amended complaint must be filed within 21 days of the date of this Order. The Court also DENIES Mr. Brown's renewed motion for early discovery without prejudice as moot. Dkt. No. 14.

Dated this 18th day of August, 2025.

Lauren King
United States District Judge

---

[3] If Mr. Brown seeks to protect "all 376 works at issue in this case," *id.*, it is not sufficient to provide proof that he is the "legal or beneficial owner" for only a subset of them, 17 U.S.C. § 501(b). *Voss v. Knotts*, No. 11-CV-0842-H (WMC), 2012 WL 12846092, at *3 (S.D. Cal. May 29, 2012) ("A plaintiff alleging copyright infringement must have an ownership interest in the subject copyrights, in order to have standing to bring the claim."); *Topolos v. Caldewey*, 698 F.2d 991, 994 (9th Cir. 1983) ("Ownership of the copyright is always a threshold question.").

ORDER DISMISSING COMPLAINT - 4